# Richmond.

## R. A. HARRIS v. J. M. WALL.

### December 17, 1925.

1. SALES—*Instructions—Instruction not Supported by the Evidence—Independent Contractor—Case at Bar.*—In the instant case, an action by plaintiff against defendant for merchandise furnished, defendant contended that the merchandise was not furnished on his credit, but on that of an independent contractor, employed by defendant. The court instructed the jury that if they believed that defendant told the plaintiff to supply the men engaged in the sawmill work at the mill of the defendant with supplies and provisions, and charge the same to defendant, and that the account sued on covered supplies thus furnished, then they should find for the plaintiff. The account was never charged to defendant as set out in the instruction, nor as appeared from the evidence was there any authority for so doing. All the evidence tended to establish defendant's contention that the primary obligation rested upon the independent contractor.
   *Held:* That the instruction was not supported by the evidence.

2. NEW TRIAL—*After Discovered Evidence—Motion to Set Aside not Looked upon with Favor.*—Motions to set aside the verdicts of juries and judgments entered thereon, based upon after discovered evidence, are not as a general rule looked upon with favor by the courts.

3. NEW TRIAL—*After Discovered Evidence—Litigant Entitled only to one Opportunity of Presenting his Case.*—The policy of the law is to give to every litigant one, and only one, opportunity of presenting his case to the jury or before the court, and when this has been had, the results of the trial will not usually be disturbed unless the party moving can place himself within the rules governing the granting of new trials for after discovered evidence.

4. NEW TRIAL—*After Discovered Evidence—Rules Governing Granting of New Trial for After Discovered Evidence.*—To entitle one to a new trial on the ground of newly discovered evidence, the evidence must have been discovered since the trial. It must be such as could not, by the exercise of diligence, have been discovered before the trial terminated. It must be material, and such as ought to produce a different result on the next trial. It must not be merely cumulative, corroborative or collateral.

5. NEW TRIAL—*After Discovered Evidence—Perjury of the Party to the*

*Action.*—While the party moving for a new trial on the ground of after discovered evidence is held to the exacting requirements set out in the preceding syllabus, and wisely so, the rule is somewhat relaxed in its application, where the after discovered evidence, as in the instant case, strongly tends to show that plaintiff's own testimony upon material points in the case was fabricated in order to present a state of facts supporting his contention.

6. NEW TRIAL—*After Discovered Evidence—Perjury of Parties—Case at Bar.*—In the instant case, an action by plaintiff against defendant for goods furnished, defendant contended that the goods were furnished to and on the credit of an independent contractor. There was a verdict for plaintiff and defendant moved for a new trial. The evidence in support of defendant's motion for a new trial consisted principally if not entirely of cancelled checks which had been paid by the independent contractor to the plaintiff during their dealing over a period of about eleven months and which plaintiff swore he had not received, with the exception of two. His contention being that defendant had paid him for the goods furnished the independent contractor with defendant's own checks, drawn and payable directly to plaintiff, whereas, the cancelled checks with plaintiff's endorsement on the back showed that the checks referred to were not drawn by defendant payable to plaintiff, but were payable to the independent contractor, and by him endorsed to plaintiff, whose signature appeared on the back of each, as an assignee in due course of the independent contractor.

*Held:* That the verdict and judgment in favor of plaintiff should be set aside, this not being an instance in which the defendant should have anticipated the necessity for having the cancelled checks in court.

7. NEW TRIAL—*After Discovered Evidence—Perjury of the Parties—Affidavit not Contradicted, Taken as True—Case at Bar.*—In the instant case, defendant moved for a new trial on the ground of after discovered evidence, and the damaging testimony as set out in the affidavit of defendant indicating perjury on the part of the plaintiff, was unchallenged by any counter affidavit on the part of the plaintiff. As there was no counter affidavit as to the perjury of the plaintiff the affidavit of the defendant must be taken as true.

Error to a judgment of the Circuit Court of Brunswick county, in a proceeding by attachment. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Buford & Raney*, for the plaintiff in error.

*Turnbull & Turnbull* and *Irby Turnbull*, for the defendant in error.

McLemore, J., delivered the opinion of the court.

This is an attachment proceeding brought by J. M. Wall, of Brunswick county, against R. A. Harris, a resident of North Carolina, wherein a judgment was entered for $1,126.04 against the said Harris, and he brings error.

The parties will be referred to as they stood in the court below, the plaintiff here being the defendant there.

During the years 1920 and 1921 Harris was operating a saw mill in Brunswick county and Wall was a merchant at Gasburg in said county, and furnished the defendant with some supplies for a farm which he was operating near the State line, and also certain merchandise required in his mill operations.

Defendant, about the time he began to operate the saw mill, entered into a written contract with Saul Dowtin, a negro, wherein Dowtin undertook and agreed to log the mill of defendant, as an independent contractor, for a stipulated price per thousand feet of $5.50. This covered the cutting and delivery of the logs and removal from the mill of the manufactured product to the lumber yard or yards of said Harris.

Seven hundred and seventy-nine dollars and three cents of the amount for which judgment was given was made up of an account charged by Wall on his books to Dowtin, the independent contractor, and was not attempted to be collected from the defendant until the last part of 1923, although the last item of the

account seems to have been dated June 8, 1921. It is this part of the claim that defendant denied liability for in the court below, and is resisting the correctness of the judgment for in this court.

Defendant assigns three errors to the ruling of the trial court, which will be considered in their order.

"1st. The court erred in giving the jury instruction No. 1, on motion of the plaintiff."

This instruction is as follows:

[1] "1. The court instructs the jury that if they believe from the evidence that the defendant, R. A. Harris, instructed the plaintiff, J. M. Wall, to supply the men engaged in the saw mill work at the mill of the defendant with supplies and provisions and to charge the same to defendant, R. A. Harris, and that the account sued on covers supplies furnished as per said instructions, then they should find for the plaintiff."

The only evidence bearing upon the questions submitted to the jury in this instruction, from the plaintiff's standpoint, is his own evidence.

"Mr. Harris came to me some time the last of May or the first of June, 1920, and said: 'Mr. Wall, looks like you are handling some mighty good feed. We would like to get some of the feed from you.' He started sometime in June or July. Then he went on a month or two longer. He said: 'It looks like you have right much money. You pay the labor and just write one check.' That is why all that labor is on the book."

"Q. Did Mr. Harris give you instructions about keeping the accounts?

"A. He said: 'You keep the saw mill account, Kidd and Saul and my account separately,' which I did."

*        *        *        *        *        *        *        *

"Q. Now on your books how is the account for $779.03?

"A. In Saul Dowtin's name.

"Q. These items were all charged on your book to him?

"A. Yes; and the farm is charged to J. R. Kidd for R. A. Harris, and the saw mill alone is charged to R. A. Harris.

"Q. This is the logging account here?

"A. Yes; in Saul Dowtin's name."

The above is the evidence, and all the evidence, that connects or attempts to connect Harris with this account of Saul Dowtin's, from which it will be readily seen there is nothing to support the instruction given at the instance of the plaintiff. The account was never charged to Harris, as set out in the instruction, nor was there any authority for so doing. All of the convincing evidence in this case, both documentary and out of the mouths of witnesses, tends to establish the defendant's contention that the primary obligation in this behalf rests upon Saul Dowtin, certain it is that the account was charged to him both in the beginning and in the ending. This fact being admitted by the plaintiff himself, renders the instruction erroneous.

We pass by the second assignment, which has to do with the setting aside of the judgment, because contrary to the law and the evidence, as this question is dealt with in the final disposition of this case.

The third assignment is based on the failure of the court to set aside the verdict on the ground of after discovered evidence, which established, as defendant claimed, that the plaintiff had committed perjury in his testimony on the trial.

[2] Motions to set aside the verdicts of juries and judgments entered thereon, based upon after discovered evidence, are not as a general rule looked upon with favor by the courts.

[3, 4] The policy of the law is to give to every liti-

gant one, and only one, opportunity of presenting his case to the jury or before the court, and when this has been had, the results of the trial will not usually be dusturbed unless the party moving can place himself within the rules as frequently announced by the Supreme Court. They are substantially as follows:

1. The evidence must have been discovered since the trial.

2. It must be such as could not, by the exercise of diligence, have been discovered before the trial terminated.

3. It must be material, and such as ought to produce a different result on the next trial.

4. It must not be merely cumulative, corroborative or collateral. Burks' Pl. & Prac. (2nd Ed.), 556; *Barsa* v. *Kator*, 121 Va. 290, 93 S. E. 613; and *Carson* v. *Mott*, 117 Va. 21, 84 S. E. 12.

[5] While the party moving is held to these exacting requirements, and wisely so, the rule is somewhat relaxed in its application where the after discovered evidence, as in this case, strongly tends to show that plaintiff's own testimony upon material points in the case was fabricated in order to present a state of facts supporting his contention as set out in the trial before the jury. *Johnson* v. *Commonwealth*, 104 Va. 881, 52 S. E. 825.

[6, 7] The evidence introduced in support of defendant's motion to set the verdict aside because of after discovered evidence consists principally, if not entirely, in cancelled checks which had been paid by Dowtin to the plaintiff during their dealing over a period of about eleven months, and which Wall swore he had not received, except probably two; his contention before the jury being that *the defendant* had paid him for the goods furnished Dowtin with his (Harris') own checks, drawn

and payable directly to plaintiff, Wall, whereas the can-
celled checks with Wall's endorsement on the back
show that the checks referred to were not drawn by
Harris payable to Wall, but were payable to Dowtin,
and by him endorsed to Wall whose signature appears
on the back of each of them as an assignee in due
course of Saul Dowtin.    It is manifest that the checks
as exhibited go a long way in sustaining the contention
of defendant as made on the trial, that Wall dealt with
Dowtin and not with Harris.

This damaging testimony as set out in the affidavit of
defendant accompanying his motion for a new trial, was
unchallenged by any counter affidavit on the part of
the plaintiff, and as was observed by Judge Sims in the
case of *Powell* v. *Commonwealth*, 133 Va. 756, 112 S. E.
657, 33 A. L. R. 541.    Where there is no counter
affidavit as to the perjury of the plaintiff the affidavit
of the defendant must be taken as true.

To allow a verdict to stand under this state of the
record would at least have the appearance of lending
the court's aid to a litigant who has accrued a verdict
and judgment by testimony, the *bona fides* of which is
open to the gravest suspicion.

This is not an instance in which the defendant should
have anticipated the necessity for having the cancelled
checks in court.    He had no reason to suspect either
from the pleadings or from the facts, as they were
known to him, that plaintiff would claim that he
(Harris) had settled the Dowtin account or made pay-
ments thereon with his own checks payable directly to
plaintiff, and there is therefore no want of diligence on
his part in this behalf.

It seems clear to us from the defendant in error's
own testimony that Harris was not liable to him for
Saul Dowtin's account.    Certainly not as surety or

guarantor, for there was no written promise obligating him to pay same. He was not liable as the original debtor, for it abundantly appears that Dowtin himself occupied that position.

It follows, therefore, that the judgment of the trial court will be set aside, and this court proceeding to enter such judgment as should have been entered in the court below will give a judgment against the plaintiff in error for $357.10 (homestead waived as to $229.80), with interest thereon from November 1, 1922, till paid, but the costs incurred in this court are to be borne by the defendant in error.

*Reversed.*