## Staunton.

### Sarah O. Morris v. Town of Coeburn.

September 20, 1928.

The opinion states the case.

*O. M. Vicars*, for the plaintiff in error.

*M. M. Long*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

The accused was convicted upon a warrant issued by the mayor of the town of Coeburn, charging that she did unlawfully "store for sale" ardent spirits. Upon an appeal to the circuit court, the accused was tried by a jury, found guilty, and her punishment fixed at six months in jail and a fine of $250.00. When the case was called for trial, the accused, by her attorney, moved the court for a continuance because of the absence of John Harris, a material witness, who, if present, would state that he put the whiskey in the coffee pot, where it was found by the officers, and that the whiskey was placed there without the knowledge

of the accused. In support of this motion, under oath, the accused stated that she gave her attorney the name of Harris long prior to the convening of court, and informed him of the statement Harris would make; that she had done all she could to secure his attendance as a witness, but that he was in attendance as a witness in the trial of a case in Princeton, W. Va.; that Harris had written her that he could and would be present at the next term of court.

The trial court overruled the motion for a continuance, and this action of the court constitutes the first assignment of error.

It appears from the record that the sergeant of the town, accompanied by three citizens, searched the restaurant conducted by the accused and found upon the kitchen cabinet a coffee pot which contained about a quart of whiskey or brandy. The officers also found upon the premises some bottles and fruit jars, and near to the coffee pot were glasses which smelt of whiskey. The accused denied all knowledge of the whiskey and also denied ownership of the coffee pot. In support of her denial of ownership she called as a witness one Elmer Morgan, who testified that on the day in question he purchased the coffee pot in which the whiskey was found from the hardware store; that on his way home he left the coffee pot in the restaurant; that he went to get it later in the day and ascertained the officers had taken it.

In support of her motion to set aside the verdict of the jury and grant her a new trial by reason of the alleged error committed by the court in refusing a continuance, the accused also relied upon after-discovered evidence. Complying in every respect with the rule laid down in *Harris* v. *Wall*, 144 Va. 774, 130 S. E. 899, as to after-discovered evidence, the accused

filed the affidavits of Dona May and Eugene Harris which are respectively set forth as follows:

"I was at the home of Albert Morris and Sarah O. Morris on the day that Sarah O. Morris was arrested on the charge of storing whiskey. I stopped there to get a lunch and while I was sitting at the table John Harris came through the dining room and passed into the kitchen and said to Martha Stapleton, the girl who stayed with Mrs. Morris, that he had some whiskey he wanted to leave there while he went to town, and she told him that Mrs. Morris was asleep in another room and that she would have nothing to do with it; and that she did not want to wake Mrs. Morris up; that if Mrs. Morris knew it she would not let you leave it here anyway. About that time someone came to the front and Martha Stapleton went in to wait on whoever it was. Harris poured some whiskey out of a a fruit jar into the coffee pot and said: 'Here it is, if you want any more, get it, but don't say anything to that girl about it.' He gave me a drink and Eugene Harris, who was with me; we both took a drink. John Harris left, saying he would go to town (meaning Coeburn). After we had finished our dinner Eugene Harris and I went into the kitchen and poured some whiskey out of the coffee pot into a glass, sweetened it and drank some, then left.

"John Harris left the coffee pot in which he put the whiskey sitting on the kitchen table. When he went to leave he said he would be back in a few minutes, and if we wanted any more to help ourselves, but not to say anything to that girl about it.

"We did not see Mrs. Morris while we were there."

"On the day that officers found some whiskey in a coffee pot at the home of Albert and Sarah O. Morris, Dona May and I stopped there to get something to

eat for dinner and while we were at the table John Harris passed through the dining room and had some whiskey in a fruit jar. He gave Mr. May and me a drink and went into the kitchen and told Martha Stapleton that he wanted to leave some whiskey there; that he was going to town and was afraid to take it to town with him. She told him that Mrs. Morris was in another room asleep and she would not let him leave it if she knew it anyway. After he put the whiskey in the coffee pot he said to Mr. May and me, if we wanted any more to help ourselves but to say nothing to that girl about it; that he would be back in a few minutes to get it.

"After Mr. May and I finished our dinner, we went into the kitchen and poured some whiskey into a glass and sweetened it and took a drink and went away.

"I did not see Mrs. Morris while there. Martha Stapleton said she was in another room asleep.

"While we were eating someone came into the front room and Martha Stapleton went in there to wait on him and while she was in the front room waiting on whoever it was in the grocery part of the building, John Harris poured the whiskey into the coffee pot. After we got through eating dinner we sweetened us up a drink and left."

It has been repeatedly held by this court that "a motion for a continuance is addressed to the sound discretion of the court, under all the circumstances of the case; and, though an appellate court will supervise the action of an inferior court on such a motion, it will not reverse a judgment on that ground, unless such action was plainly erroneous. *Wytheville Ins. & Banking Co.* v. *Teiger*, 90 Va. 277, 18 S. E. 195; *Atkinson* v. *Neblett*, 144 Va. 220, 132 S. E. 326."

 In the brief of counsel for the town we read: "In this case Martha Stapleton testified to the same matters that it is claimed John Harris would have stated * * *." On this score the record shows that on her examination-in-chief as a witness for the accused, Martha Stapleton was asked this question: "Do you know anything about how the whiskey got into the coffee pot?" To the question she made reply: "I do not." On cross-examination she was asked the question: "Who did you say brought this liquor there?" Her answer was: "John Harris, he said he had some liquor there. I never *seen* it." This was all of her testimony on that subject. No other witness attempted to explain the finding of the liquor in the container. The only explanation sought to be offered, and that after the trial, was the alleged evidence Harris would give and the statements contained in the affidavits of Dona May and Eugene Harris. Standing alone, we would be unwilling to relax the rule on the question of continuance, but when we consider the action of the trial court, in view of the affidavits filed, we are of the opinion that in the instant case there should have been a continuance. These affidavits, if true, clearly demonstrate that the whiskey was placed in the coffee pot by John Harris and also account for the smell of whiskey in the glasses found by the officers near the whiskey.

 It is also assigned as error that the mayor of Coeburn was without jurisdiction to try the case. This question was not raised in the lower court. While this assignment raises a question of jurisdiction which may ordinarily be taken advantage of in the appellate court, we are of the opinion that the record in this

case does not clearly present the question of jurisdiction, and, therefore, we decline to pass upon same.

From what has been said it follows that the judgment must be reversed, the verdict of the jury set aside and the case remanded to the circuit court to be there disposed of according to law.

*Reversed.*