# Wytheville

ALFONZO MCCLOUD V. VIRGINIA ELECTRIC AND POWER
COMPANY.

June 13, 1935.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning
and Chinn, JJ.

The opinion states the case.

*Louis B. Fine* and *Daniel C. Coleman,* for the appellant.

*Leigh D. Williams* and *T. Justin Moore,* for the appellee.

CHINN, J., delivered the opinion of the court.

On July 15, 1932, Alfonzo McCloud obtained a verdict in the Law and Chancery Court of the city of Norfolk against Virginia Electric and Power Company, the appellee, for the sum of $1,000, on a claim for personal injuries sustained by the plaintiff as the result of a collision between an automobile driven by the plaintiff and a street car operated by said company. Upon rendition of the verdict, a motion was made to set the same aside on the ground that it was contrary to the law and the evidence, which motion was overruled by the court and final judgment entered for the sum found by the jury, with interest from the date of the judgment until paid. (The term of said court ended the next day, July 16, 1932.) On the first Monday in September, 1932, the Virginia Electric and Power Company filed its bill in the clerk's office of said court, asking for an injunction to restrain Alfonzo McCloud from issuing an execution or otherwise proceeding to collect said judgment, and that said judgment be set aside and a new trial of the action granted the complainant on the ground of after-discovered evidence.

Filed with the bill as an exhibit is a certified stenographic report of the testimony and other incidents of the trial before the jury, from which it appears that the injury complained of was brought about by the collision of McCloud's automobile with a truck, whereby the automobile in which the plaintiff was riding was thrown across the car track of the defendant company. The contention made at the trial by the plaintiff was that the defendant was negligent because it had a clear opportunity to avoid the accident by stopping the car before it struck the plaintiff's automobile. It was contended by the defendant company that McCloud was guilty of contributory negligence in failing to get out of the automobile after it stopped on the track and before the collision. These issues were submitted to the jury under proper instructions from the court.

It was testified by plaintiff, McCloud, that at the time of the accident there were only two other persons in the automobile, namely: Badger McCloud, who was riding on the front seat with him, and Mack McKinley, who was riding in the rear seat; that the automobile had only two doors, and that he did not have time to get out of the car on the left-hand side, as the street car was coming from that direction and would have hit him before he could have gotten out of the way; that he tried to get out on the right hand side but was unable to do so before the street car struck him, because the other two men, in getting out of the car, blocked him from getting out.

The defendant company filed with its bill the affidavit of Mack McKinley, stating that he was not in the automobile on the occasion referred to; that he did not know Alfonzo McCloud until he met him while McCloud was in the hospital suffering from the injuries he had received in the accident; that after McCloud got out of the hospital he came to affiant's house and offered to pay him if he would testify that he was in the automobile at the time of the accident, but he refused to do so. This affidavit constitutes the newly discovered evidence relied on.

McCloud did not answer the bill, but filed a counter af-

fidavit asserting that the statements made in the affidavit of Mack McKinley were untrue, that said Mack McKinley was in his automobile at the time of the collision, and denied that he ever sought to induce McKinley to testify falsely in the case; and further alleging that the evidence he gave in the trial of the case was true.

The record shows that on November 26, 1932, the cause came on to be heard on the bill, exhibits and affidavits filed therewith, and on oral testimony taken in open court, whereupon the court entered an order awarding an injunction in accordance with the prayer of the bill, and directing "that a jury be impanelled to try the same issues as to negligence as were tried in the case * * * in which said judgment was obtained on the 15th day of July, 1932."

On July 31, 1933, the court entered an order in the cause, impanelling a jury "to try the issue joined" between the parties, which, after having heard the evidence and the instructions of the court, returned a verdict in favor of the Virginia Electric and Power Company, whereupon it was ordered by the court that the injunction granted on November 26, 1932, be made permanent and the cause removed from the docket.

It is contended by the appellant that the court erred in entering the aforesaid decree, for the reason that complainant's bill fails to state a proper case for the jurisdiction of a court of equity and the relief prayed for.

We think the point is well taken. The rules prescribing the circumstances under which a new trial will be granted on the ground of after-discovered evidence are well established, and are in equity just what they are held to be in law. (1 Bar. Ch. Prac. (3d Ed.), page 614.) These rules require that the evidence must—

"(1)  Have been discovered since the former trial;

"(2)  Be such as reasonable diligence on the part of the defendant could not have secured at the former trial;

"(3)  Must be material in its object, and not merely cumulative, corroborative and collateral; and

"(4) Be such as ought to produce on another trial an opposite result on the merits;

"(5) Go to the merits of the case and not merely to impeach the character of a former witness.

"Unless these circumstances concur a new trial is never granted on the ground of after-discovered evidence, and even where they do concur a new trial is granted only with great reluctance and with special care and caution." 2 Bar. L. Pr., page 734; *Hodnett* v. *Danville,* 152 Va. 955, 146 S. E. 281; *Wynne* v. *Newman's Adm'r,* 75 Va. 811; *McClung* v. *Folks,* 126 Va. 259, 101 S. E. 345; *Powell* v. *Com.,* 133 Va. 741, 112 S. E. 657, 33 A. L. R. 541; *Harris* v. *Wall,* 144 Va. 774, 130 S. E. 899.

Although it is essential that all of the circumstances above specified be affirmatively established by the applicant in order to obtain a new trial on the ground of after-discovered evidence, the bill in the instant case fails to allege a single one of these facts except that the newly discovered evidence relied on would, complainant believes, produce a different result if a new trial is granted.

In the case of *Hagan* v. *Dungannon Lumber Co.,* 145 Va. 568, 134 S. E. 570, 572, Judge Burks, speaking for this court, said:

"In *Catron* v. *Bostic,* 123 Va. 355, 360, 96 S. E. 845, 846, it is said: 'Whenever it is brought to the attention of a court of equity, or it discovers that the bill does not state a case proper for relief in equity, it will dismiss it, though no objection was taken to the jurisdiction by the defendant in his pleadings. The want of equity is the want of jurisdiction in such cases, and if the defendant took no notice of the defect but defended on the merits, and the case is heard and decided on the merits, this court will reverse and dismiss where there is such a lack of jurisdiction. *Morgan* v. *Carson,* 7 Leigh (34 Va.) 238; *Hudson* v. *Kline,* 9 Gratt. (50 Va.) 379, 386.' "

In *Green & Suttle* v. *Massie,* 21 Gratt. (62 Va.) 356, 362, the court said:

"In *Hudson* v. *Kline,* 9 Gratt. (50 Va.) 379, the authorities

are elaborately reviewed by Moncure, Judge, and the rule thus announced: 'If a bill does not state a case proper for relief in equity, the court will dismiss it at the hearing, though no objection has been taken to the jurisdiction by the defendant in his pleadings.' "

Complainant contends, however, that where there is no demurrer filed the court must consider not only the bill and exhibits, but also the evidence introduced in order to determine whether or not the relief should be granted, and cites the case of *Salamone* v. *Keiley*, 80 Va. 86, where it is said in effect that, though on its face the bill may not state a case proper for equity jurisdiction, yet if the defendant has failed to demur, the court must, at the hearing, consider not only whether or not the bill alone makes such a case, but also whether or not the bill, *aided by the answer and the proofs taken altogether,* makes such a case; and cites *Ambler* v. *Warwick & Co.,* 1 Leigh (28 Va.) 195, 196, as sustaining the proposition. (Italics supplied.)

Even though the last two decisions be considered as sufficient authority for the view that a bill may be "aided by the answer and the proofs taken altogether," we are aware of no authority for the proposition that the proofs alone may be looked to in aid of a bill which fails to state on its face a proper case for the jurisdiction of a court of equity. We do not think, therefore, that said decisions are, in any event, applicable to the case at bar for the reason that the bill being insufficient, and no answer having been filed in aid of the bill, whatever the proofs may have been, there is nothing in the pleadings upon which to base cognizance of the case by a court of equity. "The court must in every case confine the decision to the issues made by the pleadings and established by the proof in the particular case. *Richmond Eng. Corp.* v. *Loth,* 135 Va. 110, 160, 115 S. E. 774, 789." *Hagan* v. *Dungannon Lumber Co., supra.*

We are, therefore, of the opinion that notwithstanding the bill in the instant case was not demurred to, it should, for the above reasons, have been dismissed by the trial court. In view of these conclusions, we deem it unnecessary to dis-

cuss the questions as to the merits of the case presented in the briefs and arguments of counsel. It follows that the decree complained of will be reversed, the injunction dissolved, and the judgment entered by the trial court on July 15, 1932, reinstated and given full effect.

*Reversed.*