# 𝔖taunton

## C. J. HOLBROOK v. COMMONWEALTH.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*D. F. Kennedy,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiff in error was tried and convicted upon an indictment charging him with the embezzlement of the sum of $104, the property of Dr. J. B. Wolfe, Dr. I. E. Wolfe, Mrs. G. W. Tompkins and Mrs. Lula Counts, owners and operators of the Coeburn Hospital. The motion of the defendant to set aside the verdict of the jury and grant him a new trial was overruled by the trial court, and, in accordance with the verdict, he was sentenced to the penitentiary for the period of one year.

Several grounds of error are assigned in the petition for a writ of error, but in view of our ultimate conclusion, it is only necessary to consider the following assignment of error: The refusal of the court to set aside the verdict on the ground of after-discovered evidence.

It appears that defendant, a man fifty-seven years of age, had for four years been a justice of the peace for Wise county; that at the time of the alleged commission of the offense charged, he was postmaster at Banner, Virginia; that as the representative and agent of one Howard Proffitt he had adjusted for Proffitt a claim against one R. E. L. Smith, for injuries received in an automobile accident while in the employ of Smith.

As a result of the compromise effected between defendant and H. G. Willingham, the adjuster for the insurance company in which Smith carried liability insurance, Proffitt was given a check by Willingham for the sum of $254 and it was agreed that Proffit should receive the sum of $100; defendant was to receive the sum of $50 and the hospital was to receive the sum of $104, in full settlement of its charge against Proffitt for medical treatment. Proffitt endorsed the check and delivered it to defendant and received from him the sum of $100. Defendant deposited the check in the bank for collection. Upon the failure of the defendant to pay the hospital bill, he was, as stated, indicted and convicted upon the charge of embezzlement.

The defendant relied upon the defense that the sum of $104 was paid by him to Proffitt under compulsion. He did, however, admit that a judgment had been obtained against him by the hospital and that he did not defend the action. The reason he gave for not doing so was: "I didn't defend the civil trial because the judgment was no good. I had been ham-sacked around by these people enough over this and I was mad and didn't care if they got a judgment against me. I was going to make my defense when the proper time came and didn't feel like I had to defend it there."

In the petition it is stated that defendant, a short time after the trial, was adjudged a lunatic and committed to the hospital for the insane at Marion, where he now is. There is no evidence in the record to substantiate this statement and it cannot be considered for any purpose.

At the conclusion of the evidence the court gave this instruction:

"The court instructs the jury that if they believe from the evidence that the defendant Holbrook paid the $104 in controversy to Howard Proffitt under the belief that the said Howard Proffitt was the person entitled to the same, then they cannot convict, even though Holbrook

may have been wrong in his opinion as to whom the money should be paid."

The instruction was based primarily upon the evidence of defendant that he had paid the money to proffitt, and thus an issue of fact was directly raised.

After his conviction the defendant made an affidavit that since the trial he had discovered material evidence affecting his innocence, which he could not have obtained by due diligence before or during the trial, and in support thereof filed the following affidavits:

"Carl King, after being duly sworn states as follows:

"Howard Proffitt came to my house on Dry Fork one day in June of 1933 and wanted to trade cars with me. He showed a big roll of money, the exact amount of which I did not know. It was a hand full of bills and was more money than he was used to having. I asked where he got this much money. He said, 'I made old man Holbrook pay me the damned old rascal.' 'He thought that he could get by me and pay it to the Coeburn Hospital but I made him pay me.'

"He did not say how much he had but seemed glad that he had gotten it from Holbrook.

"I did not tell Mr. Holbrook about this until last week when I heard that he had been convicted of embezzlement. I didn't know this was material. This April 24, 1934."

"Voy Moneyhun, after being duly sworn states as follows:

"Howard Proffitt was talking to me sometime in the summer of last year. He was talking about an accident he had when a truck hit him. He said he got a hundred dollars in cash from C. J. Holbrook of Banner when they settled and that he later paid him $104 that was the hospital bill. I don't remember what he was to do with the money. He was spending money freely and talked like he had plenty of it.

"I distinctly remember that he said he made him pay the $104 that Holbrook wanted to pay the hospital.

"I did not tell Holbrook about this before he was tried. I did not know Holbrook was being tried.

"This April 24, 1934."

No counter affidavits were filed by the Commonwealth.

■ The rule governing the granting of new trials for after-discovered evidence has been repeatedly stated by this court as follows:

"1st. The evidence must have been discovered since the trial. 2nd. It must have been evidence that could not have been discovered before the trial by the exercise of reasonable diligence. 3rd. It must be material in its object, and such as ought, on another trial, to produce an opposite result on the merits. 4th. It must not be merely cumulative, corroborative, or collateral." See *Johnson's Case,* 104 Va. 881, 886, 52 S. E. 625, 626; *St. John's Ex'rs* v. *Alderson,* 32 Gratt. (73 Va.) 140; *Harris* v. *Wall,* 144 Va. 774, 130 S. E. 899; *Pauley* v. *Commonwealth,* 151 Va. 510, 144 S. E. 361.

■ It is the contention of the Attorney-General that the evidence at most is but corroborative and cumulative. We are unable to agree with that contention. As far as this record discloses, the affiants are disinterested parties, and if their statements are accepted by the jury, then, under the instruction given, the defendant is entitled to an acquittal.

For the error committed by the trial court in overruling the motion for a new trial, the verdict of the jury will be set aside, the judgment reversed, and the case remanded for a new trial.

*Reversed.*