## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Kennedy et al.

v.

Palermo

Case No. (Law) 10474

By JUDGE ALFRED D. SWERSKY

April 28, 1987

This matter is before the Court on Plaintiff's Motion to Set Aside Verdicts and For a New Trial. The basis of the Motion is the testimony of Defendant that there was a prior collision in front of her that caused her to be unable to stop in time. Plaintiff seeks now a new trial in which contradictory evidence, as set forth in the affidavits filed with the Motion, could be presented. The Motion must be granted.

Plaintiff relies on *Harris v. Wall*, 144 Va. 774 (1925), and *Cab Association v. LaTouche*, 197 Va. 367 (1955). Both of these cases set forth the rather stringent standard for setting aside a verdict on the basis of "newly-discovered" evidence; however, both indicate the standards should be [relaxed] when the party's own evidence on a material fact is "fabricated, perjured or mistaken." *Cab Association v. LaTouche, supra*, at 377.

Defendant argues that no discovery was had in the case, particularly the deposition of Defendant was not taken. No proffer is made, however, as to what that deposition would have revealed as to Defendant's version of the accident had it been taken. Further, in her Answer Defendant did not allege sudden emergency, nor any other affirmative defense which could have put Plaintiff on notice that, in spite of Defendant's plea of guilty to

the underlying traffic offense, she intended to raise any defense along the lines of sudden emergency.

Plaintiff responds by arguing that her counsel had the right to rely on Defendant's plea of guilty to a traffic charge arising out of the incident as a full and complete admission of elements necessary to establish liability.

What is "due diligence" will depend on the facts and circumstances of each case. *Mason v. Commonwealth*, 154 Va. 890 (1930). In addition, the fact that Plaintiff had the evidence before trial is not sufficient in and of itself to bar its use for purposes of this motion absent some notice that the defenses would be raised. *Taylor v. Maritime Overseas Corp.*, 224 Va. 562 (1983).

While I am cognizant of a great need to terminate litigation at some point, I am also aware that the trial of a cause is a search for truth and verdicts whose correctness is in grave doubt should not be allowed to become final. *Cab Association v. LaTouche, supra*, at 377. There is no doubt that the evidence set forth in the affidavits is sufficient for the Court to find that a different result is probable if presented to a jury. This case is similar to *Harris, supra*. In that case the "newly discovered evidence" consisted of the Defendant's own checks which were clearly available to him prior to trial but, in view of the Plaintiff's testimony at the trial of Harris, could not have been anticipated as being necessary. The Court in *Harris* did not enforce the stringent standards required for the setting aside of the verdict and the same rationale applies here.

For the foregoing reasons, the Motion to Set Aside the Verdict will be granted and a new trial on all issues will be ordered.

## June 24, 1987

This matter is before the Court on the Defendant's Motion for Reconsideration of the Court's ruling granting Plaintiffs a new trial. The Motion for Reconsideration will be denied.

Defendant's argument misconstrues, in several respects, the opinion of the Court in setting aside the verdict in this case. It is clear that under Virginia law a defense

of "sudden emergency" need not be specifically pleaded in order to be available to the Defendant. However, in determining the standard by which to measure due diligence, the Court has indicated that there was no notice to Plaintiff that such a defense would be raised. This lack of notice was considered only in determining whether or not due diligence was used by Plaintiffs' counsel. Nowhere in the file of this case can there be found anything which would put Plaintiff on notice that the Defendant would claim a prior collision caused her to be unable to stop.

Further, Defendant argues that this case has the effect of lowering the threshold for the Court to award a new trial in those cases where a party is dissatisfied with the result. Again, the Defendant misconstrues this opinion. This is simply a factual finding that Plaintiff has met the test for the awarding of a new trial.